**Mark H. RALEIGH, Plaintiff,**

v.

**SNOWBIRD CORP., a Utah corporation, Julie Litchfield, Victoria Roger–Vasselin, Dana Sirstins, Kerry L. Roberts, and John Does 1–5, individually and in their official capacities as employees of Snowbird Corp., Defendants.**

**No. 2:97CV810.**

United States District Court,
D. Utah,
Central Division.

Feb. 3, 1998.

Kathryn Collard, Law Firm of Kathryn Collard, LC, Salt Lake City, UT, for Plaintiff.

Mary Anne Q. Wood, Wood Crapo, LLC, Salt Lake City, UT, for Defendants.

## MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KIMBALL, District Judge.

This matter is before the Court on the collective motion for summary judgment of Defendant Snowbird Corp. and Defendants Julie Litchfield, Kerry L. Roberts, and Dana Sirstins, who are Snowbird employees.

## I. FACTUAL BACKGROUND

Plaintiff Mark Raleigh was employed by Snowbird as a real estate sales associate on an at-will basis. Raleigh admits that while he was skiing at the resort on a non-work day, he entered an elevator with a co-worker, Julie Litchfield, and, according to his own written account, "gave her an affectionate hug, laughing and playing as friends do." The following day, Dana Sirstins, Snowbird's Human Resources Operations Manager, advised him that Litchfield had complained of his conduct in the Snowbird elevator. Sirstins advised him further that it was Snowbird's policy to conduct sexual harassment investigations in a confidential manner and directed him not to discuss the matter with anyone, including Litchfield. According to Raleigh, Sirstins "seemed to accept" his statement to her that Litchfield was a friend and that he needed to call her to find out what he had said or done to offend her,

which he subsequently did. Litchfield informed Sirstins, who immediately notified Raleigh by telephone that he was suspended. In a follow-up confirmatory letter, Sirstins advised Raleigh that he was suspended "pending the outcome of the investigation into a claim of sexual harassment and your disregard of my instructions not to contact the complainant." A subsequent letter notified Raleigh that he was discharged "as a result of the reasons for your suspension."

Raleigh brought suit against Snowbird and four named Snowbird employees, alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, *42 U.S.C. § 2000e–2(a)(1)*, as well as a variety of state law claims, including unlawful interference with contractual business relationship, breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, and defamation. Except for Victoria Roger–Vasselin, who has not yet been served, the defendants filed the instant motion for summary judgment simultaneously with their answer.

## II. STANDARD OF REVIEW

A motion for summary judgment under Rule 56 of the *Federal Rules of Civil Procedure* is appropriate when the pleadings, depositions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The movant bears an initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case. If the movant carries this initial burden, the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element. "An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant." *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir.1995). In applying the summary judgment standard, the factual record and reasonable inferences therefrom are to be examined in the light most favorable to the non-movant. *Id.*

## III. DISCUSSION

**A.** Raleigh's Claim of Disparate Treatment under Title VII.

■ Defendants argue that Raleigh has failed to allege a claim of disparate treatment based on sex because he has failed to show that similarly situated female employees were treated differently. To establish a prima facie claim relating to termination for violation of a work rule, a plaintiff must show: (i) that the plaintiff belongs to a protected class, (ii) that he was discharged for violating a work rule, and (iii) that similarly situated non-minority employees were treated differently. *Equal Employment Opportunity Comm'n v. Flasher Company, Inc.*, 986 F.2d 1312, 1316 (10th Cir.1992) *(citing McAlester v. United Air Lines*, 851 F.2d 1249, 1260 (10th Cir.1988)).* Defendants argue that there are no similarly situated female employees because Snowbird has never been asked to respond to a similar complaint of harassment made by a male employee concerning a female employee.

Raleigh asserts that on numerous prior occasions, male and female Snowbird employees engaged in joking, teasing, hugging, and other gestures. Raleigh argues that his conduct toward Litchfield was not unwelcome and was the same type of consensual interaction engaged in by such other employees, who did not have their employment suspended or terminated as Raleigh did. In support of his argument, Raleigh makes a variety of personal attacks on Litchfield and her credibility. In this regard, however, it is important to remember that Raleigh is alleging a claim of sex discrimination, not defending himself against a claim of sexual harassment. The question is not, therefore, whether Raleigh in fact sexually harassed Litchfield, and, it is assumed for purposes of this Memorandum Decision that he did not.

■ The question is whether Snowbird responded to a complaint of sexual harassment lodged against Raleigh differently than Snowbird responded to a complaint of sexual harassment lodged against any female employee, and, if Snowbird did respond differently, whether it did so because of Raleigh's sex. As a consequence, the fact that Snow-

bird has never received a complaint about a female employee engaging in the same behavior that led to the charge against Raleigh is dispositive. In the absence of such a complaint, there are no similarly situated females and Raleigh cannot establish a prima facie case. *See Nelson v. Rehabilitation Enterprises,* Nos.˙ 96–8102, 96–8105, 1997 WL 476111, at *2 (10th Cir. Aug. 21, 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 697, 139 L.Ed.2d 641 (1998) (designating class of similarly situated persons as "accused sexual harassers"). *If, without receiving a complaint of sexual harassment, Snowbird had intervened to discipline Raleigh for hugging, but did not similarly intervene to discipline females, Raleigh might have been able to state a claim for sex discrimination. But those are not the facts.*

■ In his opposition memorandum, Raleigh apparently seems also to claim that he was discriminated against on the basis of his sex because his termination was based in part on his conduct in contacting Litchfield, who subsequently contacted him but was not terminated for doing so. This was not alleged as part of Raleigh's complaint, but is insufficient to support a claim in any event. Raleigh has not alleged that Litchfield was similarly situated, nor that she ever received a direct instruction not to contact him. Even if he had so alleged, Snowbird would be justified in treating an alleged sexual harasser and an alleged victim differently. The alleged perpetrator has an incentive to interfere with an investigation by communicating with the alleged victim and playing on her sympathy. The alleged victim has no such incentive. Accordingly, Raleigh's Title VII claim must be dismissed.

### B.  Raleigh's Rule 56(f) Motion.

■ Pursuant to Rule 56(f) of the *Federal Rules of Civil Procedure,* Plaintiff's counsel has requested an extension of time in order to conduct further discovery. However, as detailed in her supporting affidavit, the requested discovery concerns the substantive merits of Litchfield's complaint, which, as explained above, is not relevant to Raleigh's federal claim. She also requests discovery concerning aspects of Raleigh's state law

claims. However, as explained below, this Court lacks jurisdiction to hear them. Because the requested discovery would not defeat the motion for summary judgment pending, Raleigh's request is denied.

### C.  Supplemental Jurisdiction over Raleigh's State Law Claims.

■ With the dismissal of Raleigh's sole federal claim, this court must decide whether to retain jurisdiction over Raleigh's remaining state law claims. "A district court has discretion whether to exercise supplemental jurisdiction over state law claims once the federal claim has been dismissed." *Olcott v. Delaware Flood Company,* 76 F.3d 1538, 1550 (10th Cir.1996). *"In making its determination, the district court should take into account generally accepted principles of judicial economy, convenience, and fairness to the litigants."* Id. (omitting internal quotation marks and reference to Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284 (3d Cir.1993)). *Consideration of these factors weighs in favor of dismissal. No discovery has been conducted and no substantial time and energy has been expended on the case. Accordingly, Raleigh's state law claims against Snowbird, Litchfield, Roberts, and Sirstins are dismissed without prejudice.*

### IV.  CONCLUSION

For the foregoing reasons, and good cause appearing, the motion for summary judgment of Defendant Snowbird Corp. and Defendants Julie Litchfield, Kerry L. Roberts, and Dana Sirstins is HEREBY GRANTED as to Plaintiff's federal claim of sex discrimination.